


Attorneys at Law

John Houston Pope
Tel: 212.351.4641
Fax: 212.878.8600
jhpope@ebglaw.com

December 24, 2020

Time for NY Presbyterian/Queens to file its Motion to Dismiss extended to 1/19/21; time to respond is 2/9/21; time to reply is 2/23/21. No pre-motion conference is required.
**SO ORDERED.**
/s/ John G. Koeltl
December 28, 2020 John G. Koeltl
New York, NY U.S.D.J.

VIA ECF

Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lerario v. Cornell University*, et al.,
Case No. 20-cv-6295 (JGK)

Dear Judge Koeltl:

This law firm represents NewYork-Presbyterian/Queens ("Queens") in the above-referenced matter. We write for two reasons.

First, Queens plans to move to dismiss the First Amended Complaint. We did not previously submit a pre-motion letter in accordance with this Court's individual rules for motion practice (co-defendant Cornell University ["Cornell"] did) and therefore provide our rationale herein.

Second, we ask for an extension of time to submit the motion, from December 28, 2020 to January 19, 2021. Concomitantly, Plaintiff's time to respond to the motions would be extended to February 9, and the time to reply extended to February 23. Cornell joins this request; we inquired yesterday of Plaintiff's counsel for her position but she has not had an opportunity to respond. At the court conference held on November 23, 2020, the Court stated it would be open to granting an extension of these deadlines.

**Summary of Facts**

Cornell employs Plaintiff as a faculty member in its Department of Neurology. Plaintiff practiced medicine at Queens pursuant to a Medical Services Agreement ("MSA") between Cornell and New York Queens Medicine and Surgery, P.C. (an entity distinct from but related to Queens). Queens did not employ Plaintiff, directly or indirectly. Rather, she practiced medicine (treated patients) at Queens pursuant to the MSA.

The First Amended Complaint alleges that Plaintiff, a transgender woman, experienced harassment, discrimination, and retaliation since transitioning to the female gender. She alleges that she was subject to a hostile work environment based on her status as a transgender woman. She further alleges that she complained to Cornell management and human resources (but not to Queens management or HR), that her complaints allegedly went unheeded, and that the emotional toll of the alleged harassment forced her to take leaves of absence. The First Amended Complaint remarkably lacks allegations of

any facts that would permit a reasonable inference that Queens employed her or took any adverse employment actions against her.

**Grounds for Dismissal**

Plaintiff does not state her basis for suing Queens under federal, state, or city law. No fair reading of the Amended Complaint explains why Queens should or would be liable. For these reasons, Queens would like to prosecute a motion to dismiss.

Regarding Queens' status as an employer, Plaintiff concedes she was hired by Cornell and worked at Queens pursuant to the MSA. (First Amended Complaint ["FAC"],¶ 29) She cannot prevail on her employment claims through conclusory allegations that she, and other Cornell employees, work for Queens. The First Amended Complaint lacks allegations permitting a reasonable inference that these individuals (including her) could be considered Queens employees – or any other reason that Queens could be liable to a Cornell employee.

Even if Queens did not obtain dismissal for that reason, the Amended Complaint neglects to allege facts showing that Plaintiff experienced a hostile work environment as a matter of federal law. As described at length in Cornell's November 20, 2020 pre-motion letter, Plaintiff's allegations of harassment lack sufficient severity or pervasiveness to state a hostile work environment claim. Additionally, and independently for Queens, Plaintiff's allegations overwhelmingly concern Cornell (rather than Queens) personnel. Those portions of the Amended Complaint that mention Queens employees primarily recount isolated alleged incidents of colleagues referring to Plaintiff using masculine pronouns. (*See e.g.*, FAC ¶¶ 153, 223) These allegations occur too sporadically to constitute a pervasively hostile work environment.

Plaintiff accordingly has failed to plead any plausible claims against the Queens in her Amended Complaint. For these reasons, the Hospital respectfully requests permission to file a motion to dismiss on January 19, 2021.

Respectfully submitted,

*/s/ John Houston Pope*

John Houston Pope

cc: Mark Siegmund, Esq.
Jillian Weiss, Esq.