**LAW OFFICE OF JILLIAN T. WEISS, P.C.**

ATTORNEYS AT LAW

442 15TH STREET, №1R

BROOKLYN, NEW YORK 11215

------------

(845) 709-3237

FAX: (845) 684-0160

| JILLIAN T. WEISS | JOSEPH D. WILLIAMS | HENRY E. JONES |
|---|---|---|
| JWEISS@JTWEISSLAW.COM | JWILLIAMS@JTWEISSLAW.COM | HEJONES@JTWEISSLAW.COM |
| DIRECT: (845) 709-3237 | DIRECT: (917) 705-4333 | DIRECT: (212) 365-8849 |
| ADMITTED IN | ADMITTED IN | ADMITTED IN |
| NEW YORK AND NEW JERSEY ONLY | NEW YORK ONLY | NEW YORK ONLY |

<u>**VIA ECF**</u>

April 12, 2021

Hon. John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

<table><tr><td>

Application granted.
SO ORDERED

April 13, 2021    /s/ John G. Koeltl
             John G. Koeltl
New York, NY     U.S.D.J.

</td></tr></table>

**Re:** <u>**Lerario v. Cornell University, Case No. 20-cv-6295 (JGK)**</u>

Dear Judge Koeltl:

This Firm represents Plaintiff Dr. Mackenzie Lerario in the above-referenced matter. Pursuant to Fed. R. Civ. P. 6(b) and 16, Local Rule 7.1(d) and Judge Koetl's Individual Rules of Practice in Civil Cases, Rules I(E) and (F), we respectfully submit this Letter Motion to Extend Time *Nunc Pro Tunc* to Respond to Defendant Cornell's Motion to Dismiss. Defendant Cornell opposes the requested relief. Defendant NYP takes no position on the issue.

In filing the response to Defendant Cornell's motion due on April 9, 2021, Plaintiff's counsel uploaded documents to ECF on that day. Sometime after midnight, counsel had occasion to check the filing, and realized that the wrong document had been uploaded in response to Defendant Cornell's motion. Counsel then immediately uploaded the correct document. Although counsel has provided an explanation for this lateness, the documents were, nonetheless, submitted after the date on which this Court ordered a response from Plaintiff. Plaintiff's counsel is aware that late filing was not in conformity with the Federal Rules, the Local Rules, or this Court's Order, and will not routinely be excused. This Court has the authority and discretion to excuse the late filing, should it choose to do so.

> The Court has power under Rule 16 of the Federal Rules of Civil Procedure, as well as its own inherent authority, to manage proceedings before it. In addition, under Federal Rule of Civil Procedure 6(b), "a court 'may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect.'" *Girotto v. Andrianna Shamaris Inc.*, No. 19-CV-00913 (JPO), 2019 WL 5634199, at *2 (S.D.N.Y. Oct. 31, 2019). "Thus, a court may extend a lapsed deadline in purely procedural matters, 'at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit.'" *Id.* (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995)); *see also Bahrami v. Ketabchi*, No. 05-CV-03829

(RMB) (KNF), 2010 WL 1948599, at *2 (S.D.N.Y. May 13, 2010) (citing Fed. R. Civ. P. 6(b)(1)).

*Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2020 WL 1442915, at *3–4 (S.D.N.Y. Jan. 27, 2020), *report and recommendation adopted,* 2020 WL 1435645 (S.D.N.Y. Mar. 24, 2020)

Here, the correct filing was uploaded at 1:46 a.m., one hour and a quarter past the time due. Plaintiff's counsel did not act in bad faith; the documents were understood to have been uploaded and, immediately upon recognizing the omission, a corrective action was taken. Movant's excuse – that of technological mishap – has some merit in that documents were initially filed timely, including the response to Defendant NYP's motion, but the filing of the response to Defendant Cornell's motion was defective. Cornell and Dr. Fink did not suffer prejudice from the uploading of the proper document at 1:46 a.m. instead of by midnight, though it was not in conformity with the rules.

Plaintiff's counsel respectfully requests that the Court grant Plaintiff's motion to accept, *nunc pro tunc*, the late filing of Plaintiff's response to Defendant Cornell's motion to dismiss on the basis of good cause and excusable neglect. We thank the Court for its consideration of this request.

Respectfully submitted,

Jillian T. Weiss

Jillian T. Weiss