UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DR. MACKENZIE LERARIO,

                Plaintiff,

-against-

CORNELL UNIVERSITY, NEW YORK
PRESBYTERIAN/QUEENS and DR.
MATTHEW FINK,

                Defendants.

-------------------------------------------------------------X

No. 20-cv-6295-JGK

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

JOHN G. KOELTL, United States District Judge:

    WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

    WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

    WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

FIRM:56889335v1

1. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

2. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm or potential harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed, or compromise internal peer evaluations of physicians or patient care matters, and that consists of:

    (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously nondisclosed material relating to ownership or control of any non-public company;

    (c) confidential personal information contained in personnel, performance evaluation, or disciplinary records;

    (d) information pertaining to the protected characteristics of any of Defendants' employees;

    (e) proprietary information such as employee manuals, and/or policy documents

    (f) any information of a personal or intimate nature regarding any individual;

    (g) personal medical health information regarding any individual, including, without limitation, "Protected Health Information" ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations;

     (h) non-public family, medical, educational, mental health and/or employment records of non-parties;

     (i) any other category of information hereinafter given confidential status by the Court.

  4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. Subsection "a" of the preceding sentence shall not apply to documents that include PHI or and personal identifying information regarding any student, including without limitation student names, addresses, contact information and any other information protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA") 20 U.S.C. § 1232(g), the Confidential portions of which may instead be produced in accordance with subsection "b" of the preceding sentence and as otherwise set forth in this Protective Order.

  5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

  6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

  7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

     (a) the Parties to this action, their insurers, and counsel to their insurers;

(b) the attorneys designated as counsel of record in this action, and any paralegal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel, including independent contractors providing copying services or litigation support;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Rule I(F) this Court's Individual Practices in Civil Cases and Local Civil Rule 37.2.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Rule I(F) of this Court's Individual Practices in Civil Cases and Local Civil Rule 37.2.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule VI(A) of this Court's Individual Practices in Civil Cases.

15. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of

5

such material. If any Confidential Discovery Material is inadvertently disclosed to any person other than as permitted by this Protective Order, the party responsible for the inadvertent disclosure shall, upon discovery of the disclosure, immediately inform counsel for all parties to this action of the circumstances of the inadvertent disclosure, including the name, address, and employer of the person to whom the disclosure was made. The party responsible for the inadvertent disclosure shall take all reasonable steps to prevent any further unauthorized or inadvertent disclosure of the Confidential Discovery Material in addition to any and all steps requested by the other parties and as required by law.

16. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) and PHI exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII or PHI experiences a data breach, they shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII or PHI from unauthorized disclosure.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, the attorneys of record for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, documents relied upon as supporting any claim or defense, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated:   November 17, 2022

        LAW OFFICE OF JILLIAN T. WEISS, P.C.

        by:   s/ Jillian T. Weiss

        Jillian T. Weiss
        226 Prospect Park West No. 104
        Brooklyn, New York 11215
        Tel.: (845) 709-3237
        jweiss@jtweisslaw.com

        *Counsel for Plaintiff Mackenzie Lerario*

Dated:   November 17, 2022

        OFFICE OF GENERAL COUNSEL,
        WEILL CORNELL MEDICINE

        by:   s/ Rachel E. Kramer

        Rachel E. Kramer
        Associate General Counsel
        Weill Cornell Medicine
        445 East 69th Street, Suite 405
        New York, New York 10021
        (212) 746-5366
        rkr4003@med.cornell.edu

        *Counsel for Defendants Cornell University and Dr. Matthew Fink*

Dated:   November 17, 2022

        EPSTEIN BECKER GREEN

        by:   s/ John Houston Pope
        John Houston Pope
        875 Third Avenue
        New York, New York 10022
        Telephone: 212.351.4500
        jhpope@ebglaw.com

        *Counsel for Defendant New York-Presbyterian/Queens*

SO ORDERED

Dated:

11/18/22

_____
Hon. John G. Koeltl
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DR. MACKENZIE LERARIO,

                Plaintiff,

    -against-                         No.: 20-cv-6295-JGK

CORNELL UNIVERSITY, NEW YORK
PRESBYTERIAN/QUEENS and DR.            **NON-DISCLOSURE**
MATTHEW FINK,                                  **AGREEMENT**

                Defendants.

-------------------------------------------------------------------X

_____ :

(Name)

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                      _____